MEDINA COUNTY BAR ASSOCIATION *v.* BUTTS.

[Cite as *Medina Cty. Bar Assn. v. Butts,*
114 Ohio St.3d 472, 2007-Ohio-4265.]

(No. 2007–0734—Submitted June 6, 2007—Decided August 29, 2007.)

Per Curiam.

{¶ 1} Respondent, Michael T. Butts of Medina, Ohio, Attorney Registration No. 0046616, was admitted to the Ohio bar in 1990. On August 7, 2006, relator, Medina County Bar Association, filed a complaint charging respondent with several violations of the Code of Professional Responsibility. Respondent stipulated to violations of the Disciplinary Rules, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in March 2007. Based on the stipulated facts and misconduct, and other evidence, the panel made findings of fact, conclusions of law, and a recommendation, which the board adopted.

### Stipulated Facts

{¶ 2} Respondent was employed as an associate attorney in a law firm that specialized in personal-injury cases. The law firm deposited settlement funds, insurance proceeds, and client funds into a single Interest on Lawyer Trust Account ("IOLTA") account. The law firm did not maintain a separate ledger or any accounting device to track disbursements for individual clients.

{¶ 3} Respondent sent letters of protection to creditors and medical providers on behalf of a client who had a personal-injury claim. Respondent settled the

claim for $16,000 and deposited that amount into his employer's IOLTA account. On January 5, 2004, respondent entered into an agreement with his client to distribute the settlement to certain creditors, and respondent paid his client her net proceeds.

{¶ 4} Respondent, however, took more than 15 months to pay the client's creditors, despite the client's numerous requests. The client also informed respondent that a creditor had sued her to collect a debt that respondent was supposed to have paid from the settlement funds. As a result of the collection action, the client's credit rating was lowered, and she was unable to obtain credit for loans.

{¶ 5} In May 2005, respondent was diagnosed as suffering from major depression. Respondent subsequently entered into a contract with the Ohio Lawyers Assistance Program ("OLAP"). Respondent is no longer in need of medication for depression.

## Stipulated Misconduct

{¶ 6} Respondent admitted and the board found that respondent had violated DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1–102(A)(6) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law), 6–101(A)(3) (neglecting an entrusted legal matter), and 9–102(A) (failing to deposit client funds into separate and identifiable bank accounts).

## Recommended Sanction

{¶ 7} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 8} As an aggravating factor, the board found that as a result of the accounting practices of respondent and his employer, one of respondent's clients sustained harm to her credit rating. BCGD Proc.Reg. 10(B)(1)(h).

{¶ 9} In mitigation, the board found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, respondent's cooperation in the disciplinary process, his acceptance of responsibility, and his reimbursement of shortfalls in his employer's IOLTA account. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d). The board also noted that respondent recognized and sought treatment for his depression and further found mitigating his contract with OLAP. BCGD Proc.Reg. 10(B)(2)(h).

{¶ 10} The panel recommended that respondent be suspended from the practice of law for six months, with the suspension stayed with probation on the conditions that (a) respondent submit to a monitoring program during his six-

month suspension and provide proof of his accounting methods for his IOLTA account, and (b) respondent continue his contract with OLAP. The board adopted the panel's recommendation.

### Review

{¶ 11} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), and 9–102(A). We also agree that the board's recommendation of a six-month suspension, with the entire suspension stayed with probation and conditions, is the appropriate sanction. If the respondent fails to comply with these conditions or if he commits further misconduct during his stayed suspension, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

John N. Porter and Dennis E. Paul, for relator.

Michael E. Murman, for respondent.